## AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR A CRIMINAL COMPLAINT

I, Isaac Cotto, a Special Agent with the Department of Homeland Security Investigations, hereinafter referred to as HSI, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I am a Special Agent with the United States Department of Homeland Security (DHS), Immigration and Customs Enforcement (ICE), Homeland Security Investigations (HSI), and have been so employed since April 2024. Prior to HSI, I was employed by the Transportation Security Administration as a Transportation Security Officer from 2022 to 2024. I am an investigative law enforcement officer of the United States who is empowered to conduct investigations of or to make arrests for crimes involving violations of Title 18, Title 8, and Title 19 of the United States Code and to execute warrants issued under the authority of the.

2. I successfully completed the Criminal Investigator Training Program at the Federal Law Enforcement Training Center (FLETC) in Glynco, Georgia. I received training in conducting criminal investigations, methods of investigation, and criminal investigations involving computers and different access devices.

3. I completed the HSI Special Agent Training Program in FLETC Glynco, Georgia. For approximately twelve (12) weeks I was extensively trained in academic and practical applications in financial crimes, drug trafficking, weapons, human trafficking, child exploitation, document and identity fraud, immigration and other offenses.

4. I am authorized to investigate violations of laws of the United States and to execute and serve any order, subpoena, summons, warrant, or other process issued under the authority of the United States. As a Special Agent, I am familiar with the statutes of the United States Code, and as a federal law enforcement officer, I have participated in investigations, surveillance,

interviews, interrogations, arrests, searches, seizures, administration of oaths, and in taking and considering evidence concerning the privilege of any person to enter, reenter, pass through, or reside in the United States. Based on my law enforcement experience detailed herein, as well as my training, and experience of other law enforcement officers who are participating in this investigation, serve as the basis for the conclusion set forth herein.

5. This affidavit is intended to show merely that there is sufficient probable cause for the requested criminal complaint and does not set forth all of my knowledge about this matter. I make this affidavit based on my own personal knowledge and on oral and written reports by other federal, state, and/or local law enforcement agents and officers that investigated this matter. This affidavit does not contain all the information derived from this investigation only that which is sufficient to demonstrate probable cause to believe that a crime has been committed.

6. I make this affidavit based on my own personal knowledge and on oral and written reports by other federal, state, and/or local law enforcement agents and officers that investigated this matter. This affidavit does not contain all the information derived from this investigation only that which is sufficient to demonstrate probable cause to believe that a crime has been committed. Based on my training and experience and the facts set forth in this affidavit, there is probable cause to believe that violations of Title 18 U.S.C § 2232(a): Destruction or removal of property to prevent seizure; Title 18 U.S.C § 1519: Destruction, alteration, or falsification of records in Federal investigations and 18 U.S.C. §2 by Carlos Cruz Villanueva and Karla Donnachella Estevez.

## **PROBABLE CAUSE**

1. On February 24, 2026, at approximately 4:35 PM, HSI Fajardo was informed by HSI St. Thomas and Customs and Border Patrol (CBP) Marine Interdiction Agents (MIAs) that

they had intercepted a vessel of interest originating from St. Thomas in United States waters near the Municipal Island of Culebra traveling west towards Puerto Rico with three occupants onboard.

2. HSI St. Thomas and CBP MIAs were able to see the vessel leave St. Thomas at approximately 4:13 PM. Later, MIAs made initial contact with the vessel at approximately 4:35 PM, 1.9 miles from Savannah Island, USVI. Onboard of the vessel was one adult male individual, one adult female and one infant. From that area, MIAs escorted the vessel to Culebra and arrived at Ensenada Honda at approximately 5:30 PM where they continued with the investigative process and document checks.

3. During the interdiction, MIAs indicated a document check inspection was to be conducted. CBP MIAs then gave commands to the male individual, later identified as CARLOS CRUZ-VILLANUEVA and the female individual, later identified as KARLA DONNACHELLA ESTEVEZ ("ESTEVEZ"), to turn over their mobile devices, as they were part of the items to be inspected. ESTEVEZ had two phones in her hands and indicated that MIAs were not going to look at their phones. ESTEVEZ then handed CRUZ-VILLANUEVA the phones and told him to toss them into the water. CRUZ-VILLANUEVA then tossed the phones into the water impeding any further investigation by law enforcement agents.

4. HSI agents later interviewed CRUZ-VILLANUEVA. CRUZ-VILLANUEVA was read his Miranda rights in his native language Spanish. CRUZ-VILLANUEVA stated he understood his rights and decided to waive his rights and gave a voluntary statement to HSI agents.

5. During the interview, CRUZ-VILLANUEVA stated that he and the other vessel occupants had left St. Thomas on February 24, 2026, approximately between 4:00-4:30 p.m. CRUZ-VILLANUEVA stated that shortly after leaving St. Thomas, they were encountered by CBP MIAs. CRUZ-VILLANUEVA then told agents that they were escorted to Ensenada Honda

in Culebra, Puerto Rico and that it was there where all occupants disembarked the vessel. CRUZ-VILLANUEVA added that when they were asked to turn over their cell phones, CRUZ-VILLANUEVA and ESTEVEZ refused to hand over the phones. CRUZ-VILLANUEVA added that when they refused to hand over their phones to CBP MIAs, MIAs then placed ESTEVEZ in handcuffs. CRUZ-VILLANUEVA then stated that it was at that moment when he decided to throw the cell phones into the water.

6. Law enforcement records checks revealed that CRUZ-VILLANUEVA has a prior criminal record, with a 2014 conviction for conspiracy and possession of cocaine. The CBP MIAs knew of CRUZ-VILLANUEVA'S prior conviction prior to the intervening with the vessel.

7. HSI agents also interviewed ESTEVEZ. She was read her Miranda rights in her native language Spanish. ESTEVEZ stated she understood her rights and decided to waive them and gave a voluntary statement to HSI agents.

8. During the interview, ESTEVEZ stated they were stopped by MIAs shortly after departing St. Thomas. ESTEVEZ added that when getting off the vessel, she was in possession of their cell phones and was then told to hand over the cell phones to MIAs. ESTEVEZ then said she gave the phones to CRUZ-VILLANUEVA when an officer told her she was going to be detained for not handing over the phones. Later, ESTEVEZ said she told CRUZ-VILLANUEVA to throw the phones in the water so that officers could not search the devices.

*Continues on next page*

## CONCLUSION

9.      Based on the forgoing, and based upon my training, experience and participation in this and other investigations, I believe that sufficient probable cause exists to demonstrate there is violations of Title 18 U.S.C § 2232(a): Destruction or removal of property to prevent seizure; 18 U.S.C § 1519 - Destruction, alteration, or falsification of records in Federal investigations; and Title 18 U.S.C. §2 – Aiding and Abetting, by Carlos CRUZ-VILLANUEVA (CRUZ-VILLANUEVA) and KARLA DONACHELLA ESTEVEZ (ESTEVEZ).

Respectfully submitted,

*[signature]*

Isaac Cotto
Special Agent
Homeland Security Investigations

Sworn pursuant to Fed. R. Crim. P. 4.1 by telephone at __5:20 p.m.__ on February, __25__ 2026 in San Juan, Puerto Rico.

*[signature]*

Hon. Mariana Bauzá Almonte
United States Magistrate Judge
District of Puerto Rico

5